IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE PAUL THREADGILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:13-CV-1138-D |
| V. | § | |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Ronnie Paul Threadgill ("Threadgill"), who is scheduled to be executed on April 16, 2013, has filed a successive petition for a writ of habeas corpus, a motion for leave to proceed *in forma pauperis*, a motion for stay of execution, and a motion to stay and abey pending a ruling by the Supreme Court of the United States in *Trevino v. Thaler*. For the reasons explained, the court transfers the petition to the United States Court of Appeals for the Fifth Circuit, and it denies the motions to stay the execution and to stay and abey. The court grants the motion for leave to proceed *in forma pauperis*, but it denies a certificate of appealability.

I

Threadgill was convicted and sentenced to death for the capital murder of Dexter McDonald. *See Threadgill v. State*, 146 S.W.3d 654, 660 (Tex. Crim. App. 2004). After pursuing a direct appeal and post-conviction remedies in state court, Threadgill filed an

application for federal habeas corpus relief under 28 U.S.C. § 2254, which this court denied. *Threadgill v. Quarterman*, 2009 WL 2448499, at *25 (N.D. Tex. Aug. 10, 2009) (Fitzwater, C.J.), *aff'd in part, cert. of appealability denied in part*, 425 Fed. Appx. 298 (5th Cir. May 12, 2011). Among Threadgill's other claims, the court addressed on the merits three claims that trial counsel rendered ineffective assistance by (1) failing to investigate an extraneous offense, (2) failing to request a jury charge on a lesser-included offense, and (3) failing to object to the testimony of the state's mental health expert and effectively cross-examine her. *See id.* at *14-25. The court of appeals affirmed in part (as to the claim on which this court granted a certificate of appealability) and otherwise denied a certificate of appealability. *Threadgill v. Thaler*, 425 Fed. Appx. 298, 309 (5th Cir. 2011) (per curiam). The Supreme Court denied Threadgill's petition for a writ of certiorari. *Threadgill v. Thaler*, ___ U.S. ___, 132 S.Ct. 1095 (2012). Threadgill is scheduled to be executed on April 16, 2013.

Threadgill has filed another petition for a writ of habeas corpus, this time alleging under *Wiggins v. Smith*, 539 U.S. 510 (2003), that trial counsel rendered ineffective assistance by failing to develop and present certain mitigating evidence. He did not raise this claim in his state habeas petition or in his first federal petition. To overcome both the jurisdictional bar to a successive writ in federal court and the procedural bar that applies to an unexhausted claim in state court, Threadgill relies on what he anticipates will be a favorable opinion in *Trevino v. Thaler*, No. 11-1018, 133 S.Ct. 524 (2012), now pending in the Supreme Court of the United States. Threadgill asserts that the facts underlying the *Wiggins* claim were readily discoverable by his state habeas counsel in 2003-2005. Pet. 49.

- 2 -

He therefore acknowledges that the claim would be barred under the Texas abuse-of-the-writ rules and, in turn, barred from federal habeas review. Pet. 49 n.2; *see* Tex. Code Crim. Proc. Ann. art. 11.071, § 5(a) (West 2012) (Texas subsequent writ rules); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (stating that federal courts should deem unexhausted claims to be procedurally barred if state court to which petitioner would be required to present his claims for exhaustion would now find them procedurally barred). Threadgill contends, however, that the Supreme Court's recent decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), would excuse this procedural default because his state habeas counsel provided ineffective assistance. *See* Pet. 51-53, 72-74; *Martinez*, 132 S.Ct. at 1320 (holding that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.").

Threadgill acknowledges that the Fifth Circuit does not apply *Martinez* to Texas petitioners. *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012). He moves the court to stay and abey his instant habeas petition until the Supreme Court decides *Trevino*, in which the petitioner challenges the Fifth Circuit's interpretation of *Martinez*. Mot. to Stay 5. Threadgill posits that, if *Trevino* holds that the *Martinez* exception applies to Texas petitioners, he can overcome the procedural bar to consideration of his *Wiggins* claim. Pet. 51, 67. He also maintains that, if relief under *Martinez* is available to Texas petitioners, he can overcome the restrictions on successive petitions in 28 U.S.C. § 2244(b). Threadgill

reasons that, because his state habeas counsel was ineffective and because the *Wiggins* claim would have been procedurally barred under *Coleman* if it had been presented in the first federal habeas proceeding, the equitable principles that excuse procedural default in *Martinez* should also excuse his failure to raise the *Wiggins* claim in his first federal petition.  Mot. to Stay 4-5; Pet. 55-59.

II

A

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a claim presented in a second or successive habeas application that was not presented in a prior application must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  This determination must be made by a three-judge panel of the court of appeals before a petitioner can file his application in federal district court.  *See* § 2244(b)(3); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas

petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). The question whether this court lacks jurisdiction over Threadgill's second petition depends on whether the petition is "second or successive" within the meaning of § 2244. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

Not all applications filed successively in time are deemed to be "successive" under § 2244. *See, e.g., Panetti v. Quarterman*, 551 U.S. 930, 944-46 (2007) (holding that claim of incompetency to be executed is not successive if it was not ripe during initial habeas proceedings); *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after first petition was dismissed to allow exhaustion of state remedies is not successive). But generally, "a later petition is successive when it (1) raises a claim challenging the petitioner's conviction or sentence that was or *could have been raised* in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Adams*, 679 F.3d at 322 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (emphasis added)). Here, Threadgill's *Wiggins* claim was ripe and could have been raised in his first federal petition because he concedes that the facts underlying the claim were available in 2003-2005. In fact, he maintains that his state habeas counsel was ineffective for failing to raise the claim at the state habeas stage, i.e., even before he filed his first federal petition.

B

Threadgill attempts to circumvent the general rule by arguing that he could not have raised the *Wiggins* claim in his first federal petition because it would have been procedurally barred under *Coleman* due to his failure to exhaust state-court remedies. Pet. 55; *see*

*Coleman*, 501 U.S. at 735 n.1. But he maintains that, if *Martinez* is applied to Texas petitioners, the equitable principles underlying *Martinez* will excuse his failure to raise the *Wiggins* claim in his first federal petition. *Petition* at 54-59. The court disagrees.

First, this court is bound by the law of this circuit, which holds that *Martinez* does not apply to Texas petitioners. *See Ibarra*, 687 F.3d at 227. This court is neither authorized nor inclined to grant a stay and hold a petition in abeyance because the law of the circuit *may* change. The decision to change the law is for the Supreme Court of the United States or the Fifth Circuit to make, and this court is obligated to apply the law as it stands when it makes its decision.

Second, even if this court assumes *arguendo* that *Martinez* applies to Texas petitioners and supports an exception to the jurisdictional bar of § 2244(b), Threadgill's contention that his state habeas counsel's ineffective assistance impeded his raising the *Wiggins* claim in his first federal petition lacks force. He could have raised the unexhausted *Wiggins* claim in his first federal petition and asserted "cause and prejudice" for his failure to do so in the state habeas court. *See Coleman*, 501 U.S. at 750. Alternatively, he could have raised the claim and moved for a stay and abeyance so he could exhaust the claim in state court. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (establishing district court's authority and procedure for abatement of unexhausted claims). For example, he could have made the very argument he now makes: his state habeas counsel rendered ineffective assistance by failing to assert the *Wiggins* claim.

C

The instant second petition is therefore successive. Because the court of appeals has not issued an order authorizing this court to consider the successive application, the court lacks jurisdiction to consider it. Under these circumstances, the court can either dismiss the application for lack of jurisdiction or transfer it to the court of appeals. *See In re Hartzog*, 444 Fed. Appx. 63, 64 (5th Cir. 2011) (per curiam) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)); *Hearn v. Thaler*, 2012 WL 2715653, at *5 (N.D. Tex. July 9, 2012) (Fitzwater, C.J.). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution). Accordingly, the court transfers this successive application for habeas relief to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002).

Because the court lacks jurisdiction to consider the successive petition, it denies the motion for stay of execution, *see Green v. Harris County,* 390 F.3d 839, 839-40 (5th Cir. 2004), and it denies the motion to stay and abey these proceedings.

III

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases, and 28 U.S.C. § 2253(c), the court denies a

certificate of appealability. Threadgill has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack,* 529 U.S. at 484. If Threadgill files a notice of appeal, he may proceed *in forma pauperis* on appeal. *See* 18 U.S.C. § 3006A(d)(7).

* * *

By judgment filed today, Threadgill's petition for a writ of habeas corpus is transferred to the United States Court of Appeals for the Fifth Circuit. His motions for a stay of execution and to stay and abey are denied. His motion for leave to proceed *in forma pauperis* is granted. The court denies a certificate of appealability.

**SO ORDERED.**

March 21, 2013.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　CHIEF JUDGE